UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY H. JOHNSON,<br><br>   Plaintiff,<br><br>v.<br><br>DANA MARKS, et al.,<br><br>   Defendants. | Case No. 3:23-cv-00361-ART-CSD<br><br>ORDER |

    This action began with a pro se civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. Plaintiff has applied to proceed *in forma pauperis* in this action. (ECF No. 1). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

    The Court entered a screening order on October 27, 2023, allowing certain claims to proceed, referring this action to the Court's Inmate Early Mediation Program, and imposing a 90-day stay. (ECF No. 20). The Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF No. 24). The parties did not reach a settlement at the mediation conference. (*See* ECF No. 42).

    For the foregoing reasons, **IT IS ORDERED** that:

    1.    Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is not required to pay an initial installment of the filing fee. And Plaintiff is permitted to maintain this action to conclusion without prepaying any additional fees or costs or giving security for them.

    2.    But pauper status doesn't relieve Plaintiff of his obligation to pay the full $350 filing fee under 28 U.S.C. § 1915(b)(2); it just means that he can do it in installments. And the full $350 filing fee will remain due and owing even if this case is later dismissed or otherwise unsuccessful for Plaintiff.

    3.    To ensure that Plaintiff pays the full filing fee, the Nevada Department of Corrections will forward payments from the account of **TIMOTHY H. JOHNSON, #23766**

to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

4. Service under Federal Rule of Civil Procedure 4 must be perfected within 90 days from the entry date of this order.

5. To begin the process for perfecting service, and subject to the findings of the screening order (ECF No. 20), within 21 days from the entry date of this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, under seal, but will not serve the inmate Plaintiff the last known addresses of those defendants for whom it has such information. If the last known address of a defendant is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address.

6. If service cannot be accepted for any of the named defendants, Plaintiff will file a motion identifying the unserved defendants, requesting issuance of a summons, and specifying a full name and address for the defendants. For the defendants as to which the Attorney General has not provided last-known-address information, Plaintiff will provide the full name and address for the defendants.

7. If the Attorney General accepts service of process for any named defendants, such defendants will file and serve an answer or other response to the second amended complaint (ECF No. 13) within 60 days from the date of this order.

8. Plaintiff will serve upon defendants or, if an appearance has been entered by counsel, upon their attorneys, a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P.

5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. But if Plaintiff mails the document to the Court, Plaintiff will include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

9. This case is no longer stayed.

10. The Clerk of the Court is directed to electronically serve a copy of this order and a copy of Plaintiff's second amended complaint (ECF No. 13) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

11. The Clerk of the Court is further directed to send copies of this order to (1) the Finance Division of the Clerk's Office and (2) the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

DATED THIS 11th day of January 2024.

_____
UNITED STATES MAGISTRATE JUDGE