1
2
3
4
5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY H. JOHNSON, | Case No. 3:23-cv-00361-ART-CSD |
| Plaintiff, | |
| v. | ORDER |
| DANA MARKS, et al., | |
| Defendants. | |

Plaintiff Timothy Johnson brings this action under 42 U.S.C. § 1983 for events occurring while Plaintiff was housed at Lovelock Correctional Center. Johnson's claim asserts that he continues to be denied necessary medical care. Before the Court is Plaintiff's motion for a preliminary injunction and temporary restraining order. (ECF Nos. 14, 15.)[1] Defendants filed responsive briefs (ECF Nos. 33, 34, 35-1 to 35-8) and Plaintiff filed a reply. (ECF No. 38.)

United States Magistrate Judge Craig S. Denney has issued a Report and Recommendation ("R&R") (ECF No. 48) recommending denial of Plaintiff's motions as moot. Plaintiff filed an objection to that R&R. (ECF No. 50.) Defendants filed a response (ECF No. 53), to which Plaintiff filed a reply (ECF No. 60.) For the reasons identified below, the Court overrules Plaintiff's objection, affirms the R&R, and denies Plaintiff's motions for a preliminary injunction and temporary restraining order (ECF Nos. 14, 15.) However, in light of the fact that Plaintiff indicated in his objection and reply to the R&R that he was not receiving necessary follow-up care (ECF Nos. 50, 60) the Court will order Defendants to file

---

[1] These documents are identical but docketed separately due to the differing relief sought.

1  a status report regarding Mr. Johnson's follow-up care.

2  **I.     Factual and Procedural Background**

3  Upon review, the Court agrees with and adopts the magistrate judge's
4  factual and procedural history (ECF No. 48 at 1-3) in full:

5  Plaintiff is an inmate in the custody of the Nevada Department of
6  Corrections (NDOC), proceeding *pro se* with this action pursuant to 42 U.S.C. §
7  1983. (Second Amended Complaint (SAC), ECF No. 13.) The events giving rise to
8  this action took place while Plaintiff was housed at Lovelock Correctional Center
9  (LCC).

10  The Court screened Plaintiff's SAC and allowed him to proceed with two
11  Eighth Amendment deliberate indifference to serious medical needs claims. The
12  first claim is for deliberate indifference to the need to monitor and treat his
13  abdominal aortic aneurysm, and is proceeding against John or Jane Doe medical
14  staff who were responsible for securing the abdominal ultrasound results. The
15  second claim is against Dr. Marks, and John and Jane Doe Utilization Review
16  Panel (URP) members when Plaintiff learns their identities. This claim is based
17  on alleged deliberate indifference to the need to diagnose and treat his bladder
18  cancer. He alleges that Dr. Marks delayed referring Plaintiff to the URP to see an
19  oncologist (or other specialist) after cancer was detected in his urine, and the URP
20  delayed approving the request to see an outside provider despite the fact that his
21  symptoms had been going on for months. (ECF No. 20.)

22  Plaintiff filed a motion for injunctive relief seeking an order that NDOC take
23  him to see a urologist or oncologist for his cancer, and to a vascular surgeon for
24  his abdominal aortic aneurysm.

25  The Court held a hearing on January 3, 2024, where Senior Deputy
26  Attorney General Rands represented that the recommended surgery had been
27  authorized and was in the process of being scheduled. (ECF No. 39.) On January
28  4, 2024, Mr. Rands filed a notice indicating that the surgery had in fact been

scheduled, and the dates were filed under seal for safety and security reasons. (ECF Nos. 40, 41.)

On February 7, 2024, the Court ordered Mr. Rands to file a status update. (ECF No. 45.)

On February 14, 2024, Mr. Rands filed a status update indicating Plaintiff had two surgical procedures for his bladder: a transurethral resection of bladder tumor (TURBT) on January 29, 2024, and a partial cystectomy with bladder diverticulectomy and right pelvic lymph node dissection on February 2, 2024. Plaintiff saw Dr. Nixon for a follow up appointment on February 7, 2024, and it was recommended that he see Dr. Beal, a vascular surgeon, to discuss his aneurysm. Plaintiff has another follow up scheduled with Dr. Nixon, and he has been scheduled to see a vascular surgeon to evaluate his aneurysm. The dates of these appointments have been filed under seal for safety and security reasons. (ECF Nos. 47, 47-1.)

Additionally, after Judge Denney's R&R was issued, Defendants filed a status update on March 12, 2024 (ECF No. 57.) In this filing, Defendants indicated that Plaintiff had completed his appointment with a vascular surgeon, with supporting records from this appointment filed under seal. (*Id.* at 1; ECF No. 55-1.)

## II.    Legal Standard

### A. Preliminary Injunction and Temporary Restraining Order

A party seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if preliminary relief is not granted, (3) the balance of equities is in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. *Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A case is moot when it has "lost its character as a present, live controversy of the kind that must exist if [the court is] to avoid advisory opinions on abstract propositions of law." *Oregon v. FERC*, 636 F.3d 1203, 1206 (9th Cir.2011) (per curiam). A motion for a preliminary injunction can therefore be moot where the relief requested has been obtained. *See DeFunis v. Odegaard*, 416 U.S. 312 (1974) (holding that case was moot where plaintiff was afforded the remedy requested).

## B. Review of Reports and Recommendations

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III.  Analysis

Plaintiff objects to Magistrate Judge Denney's R&R on the basis that his motion for a preliminary injunction and temporary restraining order are not moot, as there is no guarantee that NDOC will follow through with the appointments which are scheduled. (ECF Nos. 50 at 2; 60 at 3, 6.) Accordingly, the Court reviews this issue *de novo*.

Plaintiff's motion for a preliminary injunction and temporary restraining order requests an order that NDOC "arrange for plaintiff to be diagnosed and staged for the cancer, and to see a vascular surgeon for monitoring or surgery for the abdominal aortic aneurysm." (ECF No. 14 at 26.)

Plaintiff does not dispute that he has since undergone medical procedures to treat his cancer, and that he was scheduled to see a vascular surgeon for his aneurysm. However, Plaintiff argues in his objection to Judge Denney's R&R that

he is concerned about receiving the necessary follow-up care for his surgery. (ECF No. 50 at 2-3.) In his reply, Plaintiff asserts that 39 days after his surgery, he had yet to receive a follow up appointment to schedule BCGx6 to further treat his cancer, as recommended by his surgeon. (ECF Nos. 60 at 6; 55-2 at 8.)

At the time of Judge Denney's R&R, it appears from the record that Plaintiff was receiving and/or scheduled to receive the medical care requested, making his preliminary injunction and temporary restraining order moot. (ECF Nos. 47, 47-1, 57, 55-1.) The Court thus agrees with Judge Denney's determination that these motions are moot. However, Plaintiff subsequently indicated in his reply brief that he is not receiving the necessary follow-up medical care. (ECF Nos. 60 at 6; 55-2 at 8.) Construing Plaintiff's motion liberally,[2] necessary follow-up care for his cancer treatment may be encompassed in the relief sought, and may give rise to a renewed motion for relief. Therefore, while the Court affirms Judge Denney's R&R and denies Plaintiff's motion for a preliminary injunction and temporary restraining order as moot, the Court will order Defendants to issue a status report regarding Mr. Johnson's follow-up care. Based on the information in the status report, the Court will issue further directions to Plaintiff. If follow-up care has not been provided, the Court will take additional steps to address the matter.

### IV.    Conclusion

It is therefore ordered that Plaintiff's objection to Judge Denney's Report and Recommendation (ECF No. 50) is OVERRULED.

It is further ordered that Judge Denney's Report and Recommendation recommending denial of Plaintiff's motions for a preliminary injunction and temporary restraining order as moot (ECF No. 48) is AFFIRMED.

It is further ordered that Plaintiff's motions for a preliminary injunction

---

[2] The Court construes *pro se* filings liberally. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n. 4 (9th Cir. 2011).

1 | and temporary restraining order (ECF Nos. 14, 15) are DENIED as moot.

2 |      It is further ordered that Defendants must submit a status report regarding

3 | Mr. Johnson's follow-up care, including a follow up appointment to schedule

4 | BCGx6 to further treat his cancer, by October 4, 2024.

6 |      Dated this 20th day of September, 2024.

_____

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE