UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY H. JOHNSON,<br><br>    Plaintiff,<br>v.<br>DANA MARKS, et al.,<br><br>    Defendants. | Case No. 3:23-cv-00361-ART-CSD<br><br>ORDER ON REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE<br>(ECF No. 87) |

Plaintiff Timothy Johnson brings this action under 42 U.S.C. § 1983 for events occurring while Plaintiff was housed at Lovelock Correctional Center. The Court screened Plaintiff's second amended complaint and allowed him to proceed with an Eighth Amendment claim for deliberate indifference to his aneurysm condition against John or Dane Doe LLC medical staff "when he learns their true names and obtains leave of Court to substitute them as defendants in this action," and an Eighth Amendment claim for indifference to his cancer condition against Dr. Dana Marks, as well as "against John and Jane Doe members of the Utilization Review Panel when Johnson learns their true names and obtains leave of Court to substitute them as defendants in this action." (ECF No. 20 at 18.)

On September 3, 2024, Plaintiff filed a motion for leave to file a third amended complaint. (ECF No. 74.) Plaintiff seeks to amend only to include the names of the Utilization Review Panel ("URP") members in place of the John and Jane Doe defendants against whom he was allowed to proceed, whose names he learned in discovery. (*Id.*)

Magistrate Judge Denney issued a Report and Recommendation ("R&R") which recommends denial of Plaintiff's motion to amend his complaint. (ECF No. 87.) Plaintiff filed objections to the R&R. (ECF No. 88.) For the reasons outlined below, the Court REJECTS the R&R. Plaintiff's motion for leave to file a third

1

amended complaint is GRANTED. The Court also addresses the parties' various other motions in this order.

## I. Review of Reports and Recommendations

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Here, because Plaintiff has objected, the Court reviews the issues *de novo*.

## II. Leave to Amend

Federal Rule of Civil Procedure 15 governs amendments to pleadings. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). In all other cases, a party may only amend with the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Here, because Defendants filed an answer to Plaintiff's complaint on March 11, 2024, Plaintiff must seek leave of the court to amend his complaint. *Id.*; (ECF No. 51.)

## III. Analysis

Defendants argue that Plaintiff's motion for leave to amend should be denied for two reasons. First, because amendment would be futile, and second, because Plaintiff's motion is untimely. Judge Denney's R&R agreed with Defendants that the motion for leave to amend should be denied on the first ground and did not reach the second.

2

### A. Futility of Amendment

Defendants argued, and Judge Denney's R&R agreed, that Plaintiff's proposed amendment should be denied because it would be futile. Judge Denney's R&R reasoned that amendment would be futile because Plaintiff's claim is based on an allegation that the John and Jane Doe URP members delayed approving his referral to an outside specialist for cancer. The R&R stated, "It has come to light, however, both in connection with briefing on Plaintiff's motions for injunctive relief and again in Defendants' response to this motion, that there was no unreasonable delay in approving the request for Plaintiff to see a specialist regarding his cancer condition." (ECF No. 87 at 3.) The R&R cites to a document that Defendants filed as an exhibit to their opposition to Plaintiff's motion to amend, which indicates dates that Dr. Marks submitted the request to the URP and that the request was emailed to the URP. (ECF No. 78-1.)

The Court disagrees with this analysis. An amendment is only futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The R&R's consideration of factual evidence essentially converts this motion into a motion for summary judgment on Plaintiff's Eighth Amendment claim against the URP members. Defendants' argument that amendment would be futile is in effect an argument that the evidence shows that no Eighth Amendment violation occurred—an argument appropriate for a motion for summary judgment. *See GMAC Mortg., LLC v. Nevada Ass'n Servs., Inc.*, No. 2:13-CV-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (declining to consider motion to dismiss or motion for summary judgment arguments in opposition to motion for leave to amend); *Steward v. CMRE Fin. Servs., Inc.*, No. 2:15-CV-00408-JAD-NJK, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015) (same); *Est. of Stingley v. Cnty. of Sacramento*, No. 2:23-CV-00255-TLN-AC, 2024 WL 1053811, at *4-5 (E.D. Cal. Mar. 11, 2024) (same). An additional concern with considering arguments

1  regarding the legal sufficiency of a complaint in a motion to amend is that these
2  arguments are "not introduced until the opposition to the motion, leaving the
3  party seeking amendment scrambling to respond to this often unanticipated
4  attack in its reply to the opposition." *Portney v. CIBA Vision Corp.*, No. SACV 07-
5  854 AG (MLGx), 2008 WL 11340330, at *2 (C.D. Cal. May 15, 2008).

6  The Court's screening order found that Plaintiff stated an Eighth
7  Amendment claim against the Doe URP members. (ECF No. 20 at 16.) Amending
8  the complaint to include the true names of the Doe Defendants does not change
9  this. Thus, Plaintiff's amendment would not be futile.

10 Because the R&R found that amendment would be futile, it did not reach
11 Defendants' argument that Plaintiff's motion to amend should be denied as
12 untimely. Accordingly, the Court next addresses this argument.

**B. Untimely Motion**

14 Defendants next argue that Plaintiff's motion to amend is untimely. The
15 Court's scheduling order set a date of July 18, 2024 as the deadline for filing
16 motions to amend pleadings. (ECF No. 64.) Plaintiff filed his motion to amend
17 approximately six weeks later, on September 3, 2024. (ECF No. 74.)

18 A party seeking to amend their complaint after the deadline set by a Court's
19 pretrial scheduling order must satisfy a "good cause" standard pursuant to
20 Federal Rule of Civil Procedure 16. *AmerisourceBergen Corp. v. Dialysist W., Inc.*,
21 465 F.3d 946, 952 (9th Cir. 2006). "Unlike Rule 15(a)'s liberal amendment policy
22 which focuses on the bad faith of the party seeking to interpose an amendment
23 and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard
24 primarily considers the diligence of the party seeking the amendment. The district
25 court may modify the pretrial schedule 'if it cannot reasonably be met despite the
26 diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations,*
27 *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting advisory committee notes to Fed.
28 R. Civ. P. 16). Additionally, when a party moves to amend after the expiration of

4

the deadline, they must also show excusable neglect. *D.S. v. Clark Cnty. Sch. Dist.*, No. 2:22-CV-00246-JCM-NJK, 2023 WL 5748720, at *3 (D. Nev. May 22, 2023) (citing *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017)).

Once a party has shown good cause and excusable neglect, the Court next considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. *D.S.*, 2023 WL 5748720, at *3. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." A court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has a strong policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has also made clear that courts should apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

### 1. Good Cause and Excusable Neglect

Plaintiff argues that the delay in filing his motion to amend was due to Defendants' actions during discovery, which precluded him from filing his motion to amend by the July 18, 2024 deadline. On June 20, 2024, Plaintiff filed a motion to compel with the Court, alleging that Defendants had provided insufficient responses to certain interrogatories, including Plaintiff's Interrogatory No. 3, which stated, "Identify by name – first and last, job title and position, the members who comprised the Utilization Review Committee consisting of the 1. Medical director/designee-, 2. Two (2) institutional practitioners -, 3. URC Coordinator/Designee – that responded to your DOC 2517 Request." Defendant's response to this interrogatory did not provide any names of URP members. (ECF No. 66 at 19.) On July 12, 2024, Judge Denney granted Plaintiff's motion in part and ordered Defendants to undertake a reasonable investigation to find out who served on the URP during the relevant time period and respond to Interrogatory

1   No. 3. (ECF No. 70.)

2   On July 19, Defendants sent Plaintiff supplemental answers to the
3   interrogatories. In response to Interrogatory No. 3, Defendants stated, "[t]he
4   individuals who comprised the Utilization review Committee in March 2023 are:"
5   and listed thirteen individuals. (ECF No. 71 at 17-20.) On July 31, Plaintiff sent
6   a letter to Defendants requesting that they respond to Interrogatory No. 3
7   providing the specific names of those members who approved the request. (*Id.* at
8   14-15.) On August 8, 2024, Defendants sent a letter to Plaintiff listing eight
9   members of the URP that were present when his case was presented. (ECF No.
10  76-1.) Plaintiff then filed a notice with the Court on August 12, 2024, and a
11  motion for a hearing with the Court on August 19, 2024. (ECF No. 71 at 11-14.)
12  Judge Denney denied this motion on August 23, 2024, finding that Defendants'
13  responses were adequate. (ECF No. 73.) Plaintiff then filed his motion to amend
14  on September 3, 2024. (ECF No. 74.)

15  The Court finds that Plaintiff has shown good cause for his delay because
16  he acted diligently in seeking to amend his complaint. *See Johnson,* 975 F.2d at
17  609. The record shows that Plaintiff did not have access to the names of the URP
18  members on July 18, 2024, the date set by the scheduling order for amended
19  complaints. Defendants did not provide the names of the URP members until July
20  19, 2024, and did not provide the specific list of names of those URP members
21  present when Plaintiff's case was presented until August 8, 2024. While Judge
22  Denney ultimately denied Plaintiff's request that Defendants be required to
23  answer Interrogatory No. 3 more fully, the Court does not think it was
24  unreasonable for Plaintiff to pursue a clearer response from Defendants in order
25  to amend his complaint with the correct names of the Jane and John Doe
26  Defendants who made the decision in his case. Ultimately, Plaintiff filed his
27  amended complaint approximately 11 days after Judge Denney denied his
28  request for a hearing and stated that Defendants' responses were adequate. The

6

Court finds that Plaintiff acted diligently in attempting to learn the names of the correct Doe Defendants, and there was no way for Plaintiff to file his motion to amend before the deadline as Defendants did not provide him with the names until after the deadline had passed. The Court also finds that filing his motion to amend 11 days after Judge Denney's decision regarding Plaintiff's interrogatories was also diligent. Therefore, Plaintiff has shown "good cause" for his delay pursuant to Rule 16.

The Court also finds that Plaintiff has shown excusable neglect. A court's analysis of excusable neglect is guided by four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Branch Banking*, 871 F.3d at 765. Here, Plaintiff seeks only to amend his complaint to add the names of the Doe Defendants, as the screening order indicated he could do once he learned their true names. (ECF No. 20 at 18.) While Defendants oppose amendment, they did not brief the Court on excusable neglect and thus have not put forth an argument that they will be prejudiced if Plaintiff is permitted to make this amendment. Ultimately, Plaintiff filed his motion to amend approximately six weeks after the deadline set in the scheduling order. The record indicates that Plaintiff could have filed his motion to amend before the deadline had Defendants responded with the names of the Doe Defendants to Plaintiff's Interrogatory No. 3 in the first instance. There is also no indication that Plaintiff acted in bad faith. Therefore, Plaintiff has shown excusable neglect.

**2. Amendment Under Rule 15**

Finally, the Court finds that leave to amend should be granted under Rule 15. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). As discussed

above, there is no indication of bad faith, the delay was not undue as Plaintiff has met the standards for both good cause and excusable neglect, and amendment would not be futile. Defendants have not argued or established how they would be prejudiced by this amendment. Plaintiff has amended his complaint only once before in this action, before he was provided with the names of the Doe Defendants. Considering these factors and the Ninth Circuit's liberal application of Rule 15(a), the Court finds that leave to amend is warranted under Rule 15(a).

## IV. Defendants' Motions to Seal

Defendants filed motions for leave to file documents under seal in support of both their response to Plaintiff's motion to amend and their motion for summary judgment. (ECF Nos. 77, 94.) Defendants argue that these documents should be filed under seal because they contain Plaintiff's medical records.

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018)). Certain documents are exceptions to this right and are generally kept secret for policy reasons, including grand jury transcripts and warrant materials in a pre-indictment investigation. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

8

1    Defendants' motion to file exhibits under seal in connection with their
2    motion for summary judgment (ECF No. 94) is more than tangentially related to
3    the merits of the case. *Id.* at 1098-99. Defendants' motion to file exhibits under
4    seal in connection with their opposition to Plaintiff's motion to amend (ECF No.
5    77) is also more than tangentially related to the merits of the case, because it
6    relates to Defendants' argument that Plaintiff's Eighth Amendment claim fails on
7    the merits, as discussed above. *See id.* Therefore, the compelling reasons
8    standard applies to both motions.

9    Under the compelling reasons standard, "a court may seal records only
10   when it finds 'a compelling reason and articulate[s] the factual basis for its ruling,
11   without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923
12   F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-
13   97) (alteration in original). Finding a compelling reason is "best left to the sound
14   discretion" of the Court. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v.
15   Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

16   This Court, and others within the Ninth Circuit, have recognized that the
17   need to protect medical privacy qualifies as a "compelling reason" for sealing
18   records, since medical records contain sensitive and private information about a
19   person's health. *See, e.g., Scott v. Quigley*, No. 3:23-CV-00264-ART-CLB, 2025
20   WL 707776, at *1-2 (D. Nev. Mar. 5, 2025); *Spahr v. Med. Dir. Ely State Prison*,
21   No. 3:19-CV-0267-MMD-CLB, 2020 WL 137459, at *2 (D. Nev. Jan. 10, 2020);
22   *Sapp v. Ada Cnty. Med. Dep't,* No. 1:15-CV-00594-BLW, 2018 WL 3613978, at *6
23   (D. Idaho July 27, 2018); *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-
24   CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013). While certain
25   aspects of a party's medical condition may be at issue in certain types of actions,
26   that does not mean that all medical records filed in connection with a motion
27   (which often contain unrelated medical information) must be broadcast to the
28   public. In other words, the party's interest in keeping sensitive health information

confidential outweighs the public's need for direct access to the medical records. Therefore, the Court grants both of Defendants' motions to seal.

**V.  Conclusion**

It is therefore ordered that Plaintiff's objection to Judge Denney's Report and Recommendation (ECF No. 88) is GRANTED.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 87) is REJECTED.

It is further ordered that Plaintiff's motion for leave to file an amended complaint (ECF No. 74) is GRANTED.[1]

It is further ordered that The Clerk of the Court FILE Plaintiff's ECF No. 74-1 as Plaintiff's "Third Amended Complaint."

It is further ordered that Plaintiff's Third Amended Complaint is the operative complaint in this action.

It is further ordered that Plaintiff's motion to exceed page limits (ECF No. 75) is GRANTED.

It is further ordered that Defendants' motions to file certain documents under seal (ECF Nos, 77, 94) are GRANTED. The documents filed under seal at ECF Nos. 78 and 95 shall remain under seal.

It is further ordered that Plaintiff's request for submission (ECF No. 98) is GRANTED.

It is further ordered that Plaintiff's motion to stay Defendants' motion for summary judgment (ECF No. 99) is DENIED AS MOOT.

It is further ordered that Defendants' Motion for summary judgment (ECF No. 93) is DENIED without prejudice and with leave to re-file in light of the new operative complaint in this action.

---

[1] Because the amended complaint only adds the names of Doe Defendants, re-screening of the complaint is not necessary. Plaintiff's claims may proceed as determined by the Court's order screening the Second Amended Complaint. (ECF No. 20.)

10

It is further ordered that a decision on whether re-opening discovery is necessary in light of Plaintiff's amended complaint is referred to the Magistrate Judge.

Dated this 8th day of April 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

11